UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
PAUL MARTINKA,

                  Plaintiff,               **MEMORANDUM & ORDER**
                                                 20-cv-5330 (KAM) (VMS)

   -against-


YESHIVA WORLD NEWS, LLC,

                  Defendant.
---------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

        Plaintiff Paul Martinka, a professional photographer, brings this action against Defendant Yeshiva World News, LLC for copyright infringement under Section 501 of the Copyright Act (the "Act"), 17 U.S.C. § 101 *et seq.*, and for removal and/or alteration of copyright management information ("CMI") under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202 *et seq.* The complaint alleges that Defendant used Plaintiff's copyrighted photograph of uniformed police officers standing in front of Kings Plaza Shopping Center in Brooklyn, New York without a license or Plaintiff's authorization. (ECF No. 1 ("Compl.") ¶¶ 13, 18-19; *see* ECF No. 1-1 at 2 (the "Photograph").)

        Since the complaint was filed on November 3, 2020, Defendant has failed to appear, answer, or otherwise defend in this action, despite being properly served with the summons and complaint, as detailed below. On July 15, 2021, the Clerk of the

Court entered a certificate of default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 15.) Plaintiff now moves for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), seeking a permanent injunction, $2,000 in statutory damages pursuant to the Copyright Act, $11,000 in statutory damages pursuant to the DMCA, $4,185 in attorney's fees, and $859.50 in costs. (ECF No. 16-1 ("Pl.'s Mem.") at 8–16.)[1]

For the reasons set forth below, Plaintiff's motion for default judgment is **GRANTED** in part and **DENIED** in part. Specifically, the court enters a permanent injunction and awards Plaintiff a default judgment in the amount of $12,264.50, consisting of $2,000 in statutory damages pursuant to the Copyright Act; $5,500 in statutory damages pursuant to the DMCA; $3,905 in attorney's fees; and $859.50 in costs.

<u>**BACKGROUND**</u>

## I.   Facts

When a defendant defaults, a court must accept the plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Finkel v.*

---

[1] Although the conclusion section of Plaintiff's memorandum and his proposed form of default judgment request $2,500 in statutory damages pursuant to the Copyright Act (Pl.'s Mem. at 17; *see* ECF No. 16-3 at 2), the discussion section of Plaintiff's memorandum requests $2,000. (Pl.'s Mem. at 13 (requesting "a total award of $2,000 pursuant to the § 504(c) infringement" and arguing that a statutory damages award of $2,000 would be "reasonable and justified").) The court, accordingly, considers Plaintiff's requested amount of statutory damages pursuant to the Copyright Act to be $2,000 rather than $2,500.

2

*Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 188 (2d Cir. 2015). The court consequently accepts Plaintiff's well-pleaded factual allegations as true for the purpose of reviewing the motion for default judgment.

Plaintiff Paul Martinka is a New York-based professional photographer. (Compl. ¶ 11.) As relevant here, Plaintiff took a photograph (the "Photograph") of uniformed police officers standing in front of Kings Plaza Shopping Center in Brooklyn, New York. (*Id.* ¶ 12.) On September 13, 2017, Plaintiff registered the Photograph with the U.S. Copyright Office under registration number VA0002068864. (*Id.* ¶ 13.) Pursuant to a license from Plaintiff, the *New York Post* featured the Photograph in a July 8, 2017 article entitled, "Chaos as Brooklyn shopping mall evacuated after gunshot." (*Id.* ¶ 16; *see* ECF No. 1-1 at 4.) The *New York Post* article included a credit attributing the Photograph to Plaintiff. (Compl. ¶¶ 16-17; *see* ECF No. 1-1 at 4.)

Defendant is a limited liability company with its principal place of business at 1820 Avenue M, Suite #2411, Brooklyn, New York 11230. (Compl. ¶ 6.) Defendant owns and operates a website, www.theYeshivaWorld.com. (*Id.* ¶ 7). Plaintiff alleges that Defendant featured the Photograph on its website without his consent in a July 8, 2017 article entitled, "Kings Plaza Mall Evacuated After Shots Fired, Suspect Arrested." (*Id.*

¶¶ 18-19; *see* ECF No. 1-1 at 6-8.)  On March 5, 2020, Plaintiff sent Defendant a cease-and-desist letter requesting the removal of the Photograph from Defendant's website. (*Id.* ¶ 20.)  Defendant failed to respond to the cease-and-desist letter, and the Photograph remained on Defendant's website as of the filing of the instant motion. (*Id.*; Pl.'s Mem. at 4.)

## II.  Procedural History

Plaintiff filed the instant action on November 3, 2020. (*See* Compl.)  On May 28, 2021, pursuant to an order extending Plaintiff's time to serve until June 4, 2021, Plaintiff properly served the summons and complaint on the New York Secretary of State, as Defendant's registered agent, pursuant to Federal Rule of Civil Procedure 4(h)(1) and Section 303 of New York Limited Liability Company Law. (ECF No. 13; 5/26/21 Minute Order.)  On July 9, 2021, Plaintiff requested a certificate of default. (ECF No. 14.)  The Clerk of the Court entered a certificate of default on July 15, 2021. (ECF No. 15.)

On October 31, 2021, Plaintiff filed the instant motion for default judgment. (ECF No. 16.)  Plaintiff complied with Local Civil Rule 55.2(b) of the Eastern and Southern District of New York by appending to the motion the Clerk's certificate of default, the complaint, and a proposed form of default judgment. (*Id.* at 2-21; ECF No. 16-3.)  Plaintiff also complied with Local Civil Rule 55.2(c) by simultaneously mailing a copy of the motion for

4

default judgment and all supporting materials to Defendant at its last known business address.  (ECF No. 16-4; *see also* 4/8/22 Minute Order.)   To date, Defendant has not appeared, answered, or otherwise responded to the complaint or the motion for default judgment.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 55, a movant must complete a two-step process to obtain a default judgment. *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011); *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 346-47 (E.D.N.Y. 2009).  First, the Clerk of the Court must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).  Second, upon the Clerk's entry of default, the movant "may then make an application for entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)."  *Rodriguez*, 784 F. Supp. 2d at 123.   "'The court is to exercise sound judicial discretion' in determining whether the entry of default judgment is appropriate."  *Trs. of Local 7 Tile Indus. Welfare Fund v. City Tile, Inc.*, 2011 WL 917600, at *1 (E.D.N.Y. Feb. 18, 2011) (quoting *Badian v. Brandaid Commc'ns Corp.*, 2004 WL 1933573, at *2 (S.D.N.Y. Aug. 30,

2004)), *report and recommendation adopted*, 2011 WL 864331 (E.D.N.Y. Mar. 10, 2011).

Here, the Clerk of the Court entered a default against Defendant on July 15, 2021, and Plaintiff thereafter filed its unopposed motion for default judgment presently before the court. As previously mentioned, Defendant was properly served with the summons and complaint and with the motion for default judgment. (ECF Nos. 13, 16-4.)  Despite being provided with notice of the action and motion, Defendant has not appeared, answered, moved to vacate the Clerk's entry of default, or otherwise opposed the motion for default judgment.  Consequently, Plaintiff has completed the necessary steps to obtain a default judgment. *Bricklayers Ins. & Welfare Fund v. David & Allen Contracting, Inc.*, 2007 WL 3046359, at *2 (E.D.N.Y. Oct. 16, 2007) ("In civil actions, when a party fails to appear after [being] given notice, the court normally has justification for entering default." (citing *Bermudez v. Reid,* 733 F.2d 18, 21 (2d Cir. 1984))).

### **DISCUSSION**

#### I.   **Liability**

Defendant's default in this case "does not necessarily conclusively establish . . . defendant's liability." *Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Philip Gen. Constr.*, 2007 WL 3124612, at *3 (E.D.N.Y. Oct. 23, 2007).  Instead, the court "must still determine whether the plaintiff has stated a

cause of action." *Bd. of Trs. of the UFCW Local 174 Pension Fund v. Jerry WWHS Co.*, 2009 WL 982424, at *3 (E.D.N.Y. Apr. 10, 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)); *see also, e.g.*, *Philip Gen. Constr.*, 2007 WL 3124612, at *3 ("[E]ven after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." (quoting *In re Wildlife Ctr., Inc.*, 102 B.R. 321, 325 (Bankr. E.D.N.Y. 1989)).

## A. Copyright Infringement

Plaintiff alleges that Defendant infringed his copyright under Section 501 of the Act.  (Compl. ¶ 1.)  Among other things, the Act vests the owner of a copyright with:

> the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending . . . .

17 U.S.C. § 106(1)-(3).

"Copyright infringement is a strict liability offense in the sense that a plaintiff is not required to prove unlawful intent or culpability." *EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 89 (2d Cir. 2016); *see also, e.g.*, *Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 130 (2d Cir. 2008).

In order to establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Ownership of a valid copyright "can be established by the introduction into evidence of a Copyright Office certificate of registration." *Pasatieri v. Starline Prods., Inc.*, 2020 WL 207352, at *2 (E.D.N.Y. Jan. 14, 2020) (quoting *Sheldon v. Plot Commerce*, 2016 WL 5107072, at *11–12 (E.D.N.Y. Aug. 26, 2016), *report and recommendation adopted*, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016)). Although Plaintiff did not attach the certificate of registration to his complaint, the complaint states that the Photograph is registered with the U.S. Copyright Office under registration number VA0002068864. (Compl. ¶ 13.) "[C]ourts in this Circuit have accepted a copyright registration number alone to establish copyright ownership in default judgment cases." *Vidyashev v. Visual ID Source, Inc.*, 2021 WL 4925733, at *3 (E.D.N.Y. Sept. 28, 2021), *report and recommendation adopted*, 2021 WL 4902528 (E.D.N.Y. Oct. 21, 2021); *see also, e.g.*, *Feliciano v. Food Trucks in the Valley LLC*, 2021 WL 4150800, at *3 (E.D.N.Y. Aug. 26, 2021), *report and recommendation adopted*, 2021 WL 4147240 (E.D.N.Y. Sept. 13, 2021). Accordingly, the court concludes that Plaintiff has established ownership of a valid copyright.

In order to establish the second element of originality, the "burden is . . . minimal." *Sheldon*, 2016 WL 5107072, at *11. "Originality does not mean that the work for which copyright protection is sought must be either novel or unique . . . . [I]t simply means a work independently created by its author, one not copied from pre-existing works, and a work that comes from the exercise of the creative powers of the author's mind, in other words, 'the fruits of [the author's] intellectual labor.'" *Boisson v. Banian. Ltd.*, 273 F.3d 262, 268 (2d Cir. 2001) (third alteration in original) (quoting *In re Trade-Mark Cases*, 100 U.S. 82, 94 (1879)). "The necessary originality for a photograph may be founded upon, among other things, the photographer's choice of subject matter, angle of photograph, lighting, determination of the precise time when the photograph is to be taken, the kind of camera, the kind of film, the kind of lens, and the area in which the pictures are taken." *Eastern Am. Trio Prods., Inc. v. Tang Elec. Corp.*, 97 F. Supp. 2d 395, 417 (S.D.N.Y. 2000); *see also Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, 2019 WL 312149, at *6 (E.D.N.Y. Jan. 3, 2019) ("Photographs are often found to be original works."), *report and recommendation adopted*, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019). "[A] plaintiff's allegations that 'defendant reproduced and published a protected photograph, without proper authorization, are adequate to establish liability.'" *Vidyashev*, 2021 WL 4925733, at *3 (citation omitted).

The well-pleaded allegations of the complaint establish the originality of Plaintiff's Photograph.  Plaintiff alleges that he "is the sole author and exclusive rights holder to an original photograph of uniformed police officers in front of Kings Plaza." (Compl. ¶ 12.)  Plaintiff was specifically credited as the owner of the Photograph when it was used by the *New York Post*.  (*Id*. ¶ 16.)  Plaintiff also alleges that "Defendant had never purchased a license for the Image, nor did Plaintiff ever give Defendant permission to use the Image on Defendant's Website." (*Id.* ¶ 19.) Finally, the Photograph attached to the complaint reflects that Plaintiff exercised a personal choice in the selection of the subject matter, the timing of the photograph, and other matters. Accordingly, the Court finds that Defendant is liable for copyright infringement under the Act because it reproduced Plaintiff's Photograph without proper authorization.  *Vidyashev,* 2021 WL 4925733, at *3; *see also, e.g.*, *Haker v. Tentree Int'l Inc.*, 2021 WL 3884195, at *4 (E.D.N.Y. Aug. 31, 2021) (finding similar allegations sufficient to establish liability).

### B. Removal of Copyright Management Information

Plaintiff also alleges that Defendant violated Section 1202(b) of the DMCA by removing the *New York Post* credit identifying Plaintiff as the author of the Photograph.  (Compl. ¶¶ 18, 30.)  Section 1202(b) provides:

> No person shall, without the authority of the copyright owner or the law—(1) intentionally remove or alter any copyright management information, (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

17 U.S.C. § 1202(b). Section 1203(a) provides a private right of action for violations of Section 1202. 17 U.S.C. § 1203(a).

Copyright management information ("CMI") "includes, *inter alia*, the title or identifying information of the work, author or copyright owner, the terms and conditions of use of the work, and identifying numbers or symbols referring to such information." *BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010) (citing 17 U.S.C. § 1202(c)(1)–(3), (6)–(7)). To recover under the DMCA, a plaintiff need only allege "(1) the existence of [CMI] on the work in question; (2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally." *Dermansky v. Telegraph Media, LLC*, 2020 WL 1233943, at *3 (E.D.N.Y. Mar. 13, 2020) (quoting *Sheldon*, 2016 WL 5107072, at *13).

Plaintiff has established the required elements for recovery under the DMCA through his well-pleaded complaint. Plaintiff alleges that Defendant copied the Photograph from an article in the *New York Post*, which included a credit in the lower-left corner that identified Plaintiff as the author. (Compl. ¶¶ 16-17.) Plaintiff alleges that, without his knowledge or consent, Defendant intentionally removed the credit from Plaintiff's Photograph before placing the un-credited Photograph on its website. (*Id.* ¶¶ 30-33.) These allegations are sufficient to establish liability under Section 1202(b) of the DMCA. *See, e.g.*, *Harbus v. Lead Clearance Inc.*, 2022 WL 604062, at *4 (E.D.N.Y. Mar. 1, 2022) (finding that the defendant's removal without plaintiff's consent of a credit identifying plaintiff as the author was sufficient for recovery under DMCA); *Wexler v. Synergy Prep, Inc.*, 2021 WL 260635, at *2 (E.D.N.Y. Jan. 3, 2021) (same), *report and recommendation adopted*, 2021 WL 260101 (E.D.N.Y. Jan 26, 2021). Thus, in addition to the Copyright Act violation, Plaintiff has established that Defendant is liable for violating the DMCA.

## II.  Permanent Injunction

Plaintiff seeks a permanent injunction enjoining Defendant from continuing to display or otherwise use the Photograph without his consent. (Compl. ¶ 1; Pl.'s Mem. at 9.) The court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a

12

copyright." 17 U.S.C. § 502(a); *see also id.* § 1203(b)(1). Here, "Plaintiff has met the threshold inquiry of actual success on the merits; that success is based on Defendant['s] default and the Court's subsequent determination of liability," discussed above. *Gogo Apparel, Inc. v. Daruk Imports, Inc.*, 2020 WL 4274793, at *8 (S.D.N.Y. June 11, 2020), *report and recommendation adopted*, 2020 WL 4271694 (S.D.N.Y. July 23, 2020). Thus, to obtain a permanent injunction, Plaintiff must show: "(1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Salinger v. Colting*, 607 F.3d 68, 77 (2d Cir. 2010) (quoting *eBay Inc. v. MercExchange*, *LLC*, 547 U.S. 388, 391 (2006)). "Courts routinely grant injunctive relief in copyright cases where liability is established and there is a threat of continuing infringement." *Wareka v. Dryluxe LLC*, 2022 WL 2467544, at *3 (E.D.N.Y. Apr. 7, 2022) (quotations and citation omitted), *report and recommendation adopted*, 2022 WL 2753106 (E.D.N.Y. July 14, 2022).

The court concludes that all four factors weigh in favor of issuing a permanent injunction. First, "[a]lthough courts must not presume irreparable injury in copyright cases, courts have

13

tended to issue injunctions in copyright cases because to prove the loss of sales due to infringement is notoriously difficult." *Id.* at *4 (quotations and citation omitted).  In addition, "the threat of continuing violations establishes the necessary irreparable harm." *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, 2019 WL 312149, at *9 (E.D.N.Y. Jan. 3, 2019) (quotations omitted), *report and recommendation adopted*, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019).  Specifically, Plaintiff has established a threat of continuing violations because Defendant did not defend this action and because Plaintiff unsuccessfully and repeatedly requested that Defendant remove the Photograph from its website, including by sending a cease-and-desist letter on March 5, 2020 and by following up with Defendant via email and phone.  (Compl. ¶ 20.)  *See Korzeniewski*, 2019 WL 312149, at *9.

Defendant's "failure to take down the [Photograph] and the continuing infringement also establish[] the second element" because "[a] plaintiff has no adequate remedy at law where, absent an injunction, the defendant is likely to continue infringing its copyright[]."  *Id.* at *10 (citation omitted).  Third, the balance of hardship favors Plaintiff "as [D]efendant has defaulted and thus fails to identify any legitimate hardship." *Wareka*, 2022 WL 2467544, at *4; *see also, e.g.*, *Malibu Media, LLC v. Doe*, 2020 WL 8093340, at *4 (E.D.N.Y. Dec. 2, 2020) ("[I]t is axiomatic that an infringer cannot complain about the loss of ability to offer its

14

infringing    product."    (citation    omitted)),    *report    and recommendation adopted*, 2021 WL 123369 (E.D.N.Y. Jan. 13, 2021). Finally, "enjoining [D]efendant from using the Photograph[] would not disserve the public interest as the public has a compelling interest in protecting copyright owners' marketable rights to their work so as to encourage the production of creative work." *Wareka*, 2022 WL 2467544, at *4 (quotations and citation omitted). Because all four factors are satisfied, the court will enter a permanent injunction enjoining Defendant from continuing to infringe Plaintiff's copyright in the Photograph.

### III. Damages

Although allegations pertaining to liability are deemed admitted in the context of a motion for default judgment, allegations pertaining to damages must still be proven by the movant. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). After liability is determined, the movant must establish damages "to a 'reasonable certainty.'" *Duro v. BZR Piping & Heating Inc.*, 2011 WL 710449, at *2 (E.D.N.Y. Jan. 26, 2011) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)), *report and recommendation adopted*, 2011 WL 744156 (E.D.N.Y. Feb. 22, 2011). The court need

not hold a hearing to determine damages "as long as it [has] ensured that there [is] a basis for the damages specified in the default judgment." *Id.* (alterations in original; citation omitted).  When evaluating damages, the court "may rely on affidavits or documentary evidence." *Id.* (citing *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d. Cir. 1993); *Chun Jie Yin v. Kim*, 2008 WL 906736, at *2 (E.D.N.Y. Apr. 1, 2008)).

### A. Statutory Damages Under the Copyright Act

In copyright infringement cases, a plaintiff has the option to pursue either actual or statutory damages. *See Twin Peaks Prods., Inc. v. Publ'ns Int'l*, 996 F.2d 1366, 1380 (2d Cir. 1993). Here, Plaintiff seeks $2,000 in statutory damages. (Pl.'s Mem. at 13.)  Pursuant to the Act, the court may award statutory damages of not less than $750 and not more than $30,000, as the court deems just.  17 U.S.C. § 504(c)(1).  "When determining the amount of statutory damages to award for copyright infringement, courts consider: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).

16

With respect to the first factor, the infringer's state of mind, "[c]opyright infringement is deemed willful by virtue of a defendant's default." *Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015); *Seelie v. Original Media Grp. LLC*, 2020 WL 136659, at *4 (E.D.N.Y. Jan. 13, 2020). Similarly, the fifth factor – the infringer's cooperation (or lack thereof) in providing evidence of the value of the infringing material – weighs in favor of Plaintiff by virtue of Defendant's default. *See, e.g.*, *Alvarado v. VNY Media Corp.*, 2022 WL 2834655, at *5 (E.D.N.Y. July 20, 2022).

With respect to the third *Bryant* factor, however, "Plaintiff does not submit any evidence of actual losses or licensing fees," so "it may be inferred that any lost revenue is *de minimis*, which weighs against a substantial award of statutory damages." *Parsons v. Bong Mines Entm't LLC*, 2021 WL 931506, at *9 (E.D.N.Y. Feb. 18, 2021), *report and recommendation adopted*, 2021 WL 930259 (E.D.N.Y. Mar. 11, 2021). Although Plaintiff's memorandum implies that his licensing fee is $500 (*see* Pl.'s Mem. at 14 (stating that an award of $2,500 would be "approximately five times the maximum rate of Plaintiff's normal licensing fee")), Plaintiff has not submitted any evidence in support of this assertion, such as a declaration or prior licensing agreements. In his complaint, Plaintiff alleges that Defendant published his Photograph once, and that Defendant's article using his Photograph

remained available on Defendant's website.   (Compl. ¶¶ 18-20.)
Absent evidence of lost revenues, "[a]n award of $1,000 for the
Copyright Act violation is in line with similar claims of a single
instance of copyright infringement." *Farrington v. Jewish Voice
Inc.*, 2022 WL 541645, at *5 (E.D.N.Y. Feb. 23, 2022); *see also,
e.g.*, *Balhetchet v. Su Caso Mktg. Inc.*, 2020 WL 4738242, at *4
(E.D.N.Y. Aug. 14, 2020) ("[T]he Court finds that a statutory
damages award of $1,000 is reasonable given the nature of the
infringement alleged and the lack of a baseline amount of
Plaintiff's licensing fee or any loss of profits.").

        In this case, two aggravating factors – relevant to the
first *Bryant* factor (the infringer's state of mind) and the second
*Bryant* factor (the expenses saved by the infringer) – weigh in
favor of a slightly higher damages award.   First, Plaintiff sent
a cease-and-desist letter to Defendant on March 5, 2020, but
received no response, which indicates Defendant's willful state of
mind.   (Compl. ¶ 20.)   *Cf. Parsons*, 2021 WL 931506, at *8 (noting
that "courts in this Circuit generally do not award the plaintiff
maximum or substantial statutory damages" where a "corporate
Defendant's state of mind is established solely through its
default").   Second, the complaint alleges that Defendant removed
the credit identifying Plaintiff as the author of the Photograph
in connection with its copyright infringement, thus saving
Defendant the cost of Plaintiff's licensing fee.   *See, e.g.*,

18

*Farrington*, 2022 WL 541645, at *5 (awarding $1,500 in statutory damages for Copyright Act violation "in light of the Defendant's removal of Plaintiff's 'gutter credit' when republishing the photograph"). In light of these aggravating factors, the court concludes that the requested statutory damages award of $2,000 for the Copyright Act violation is warranted.

### B. Statutory Damages Under the DMCA

Plaintiff also seeks $11,000 in statutory damages under the DMCA. (Pl.'s Mem. at 15.) Under the DMCA, courts may award between $2,500.00 and $25,000.00 in statutory damages for violations of Section 1202(b). *See* 17 U.S.C. § 1203(c)(3)(B). To determine the amount of statutory damages, "courts typically assess the 'circumstances of the violation' and willfulness of the violation." *Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 378 (S.D.N.Y. 2019) (citation omitted).

As with the Copyright Act claim, Defendants' default establishes the willfulness of the violation. *Farrington*, 2022 WL 541645, at *6. The cease-and-deist letter sent by Plaintiff also provides additional evidence of willfulness. *Dermansky*, 2020 WL 1233943, at *5. Where a plaintiff demonstrates willfulness through a defendant's default but fails to provide evidence of harm suffered as a result of defendant's DMCA violation, courts in the Second Circuit "have generally found an award of $5,000 per DMCA violation appropriate as it provides fair compensation to the

copyright holder and effectively deters future infringement." *Olusola v. Don Coqui Holding Co., LLC*, 2021 WL 631031, at *5 (E.D.N.Y. Feb. 18, 2021); *see also, e.g.*, *McGlynn v. Towers Investors.com Inc.*, 2021 WL 1777758, at *6 (S.D.N.Y. May 5, 2021).

Based on Plaintiff's failure to provide any evidence of his losses, a statutory damages award of $5,000 would ordinarily be appropriate. *See, e.g.*, *Olusola*, 2021 WL 631031, at *6 ("The Court finds that statutory damages in the amount of $5,000 are appropriate for Defendant's DMCA violation as Plaintiff established [through Defendant's default] that Defendant willfully removed CMI, but provided no evidence of direct harm suffered as a result."). Similar to the Copyright Act violation, however, the court concludes that the cease-and-desist letter provides additional evidence of willfulness and warrants a slightly higher statutory damages award. *See, e.g.*, *Dermansky*, 2020 WL 1233943, at *5 (noting that cease-and-desist letters and requests for injunctive relief can warrant a higher statutory damages award). Accordingly, the court concludes that a statutory damages award of $5,500 is appropriate for the DMCA violation in this case.

### C. Attorney's Fees

Plaintiff requests $4,185 in attorney's fees. (Pl.'s Mem. at 16.) Under both the Copyright Act and the DMCA, the court has discretion to award reasonable attorney's fees to Plaintiff as the prevailing party. 17 U.S.C. §§ 505, 1203(b). "An award of

20

attorney's fees to a plaintiff in a copyright action is generally appropriate where the defendant has defaulted." *Alvarado*, 2022 WL 2834655, at *5 (citation omitted).  "A presumptively reasonable rate is the lodestar, the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Id.* (quotations and citation omitted).  In copyright cases, "[c]ourts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff." *Haker*, 2021 WL 3884195, at *6 (collecting cases).

Here, Plaintiff seeks a total of $4,185.00 in attorney's fees for 9.1 hours of attorney time and 16.3 hours of time spent by paralegals and other support staff.  (ECF No. 16-2 ("Ngo Decl.") at 4-5.)[2]  Plaintiff's counsel, Mr. Rayminh Ngo, does not provide a requested hourly rate for the work he spent on this case.  In a recent copyright case in which the defendant defaulted, however, Judge Bloom approved a $250 hourly rate for Mr. Ngo and found that 9.5 hours of attorney time was reasonable.  *Wareka*, 2022 WL 2467544, at *4.  Here, too, the court approves a $250 hourly rate for Mr. Ngo and finds that the 9.1 hours he spent on this case was

---

[2] Although counsel's declaration states that he is seeking fees for "9 hours of attorney time and 16.5 hours of time spent by paralegals and other support staff" (Ngo Decl. at 2), the time records attached to counsel's declaration reflect 9.1 hours of attorney time and 16.3 hours of time spent by paralegals and other support staff.  (*Id.* at 4-5.)

reasonable.  Accordingly, the court will award $2,275 in attorney's fees as to Mr. Ngo.

With respect to the remaining 16.3 hours, Mr. Ngo fails to provide any information about the other individuals who worked on this case.  Thus, like Judge Bloom, the court assumes that these individuals are all paralegals and assigns an $100 hourly rate to each.  *See Wareka*, 2022 WL 2467544, at *6 & n.5.  The court finds that 16.3 hours is reasonable and accordingly awards $1,630 in fees for the non-attorney time, for a total fee award of $3,905. *See id.* at *7 (finding 12.75 hours of non-attorney time reasonable).

### D. Costs

Finally, Plaintiff requests that the Court award $859.50 in costs, which includes the $400 court filing fee and $459.50 in fees for service of process.  (Pl.'s Mem. at 17; Ngo Decl. at 8-9.)  "Filing fees are recoverable without supporting documentation if verified by the docket."  *Alvarado*, 2022 WL 2834655, at *6 (citation omitted).  Because the docket reflects that Plaintiff paid the $400 filing fee (*see* ECF No. 1), the court will award that amount in costs.  "Process server fees must be supported by the record."  *Alvarado*, 2022 WL 2834655, at *6 (citation omitted). Here, Plaintiff has provided receipts reflecting the expenditure of $459.50 on process server fees.  (Ngo Decl. at 8-9.)

Accordingly, the court also awards $459.50 for service of process. Plaintiff is awarded a total of $859.50 in costs.

### E. Post-Judgment Interest

Pursuant to 28 U.S.C. § 1961, "[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (citation omitted). As such, post-judgment interest shall accrue at the federal statutory rate from the entry of judgment until the judgment is paid in full. 28 U.S.C. § 1961.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is granted in part and denied in part. Defendant is PERMANENTLY ENJOINED from continuing to display or use Plaintiff's Photograph (including any altered reproductions of the same image) on its website (https://www.theyeshivaworld.com) or in any other manner unless and until Defendant receives a license or other express consent from Plaintiff or Plaintiff's assignee. Defendant (including any officer, employee, or agent) shall IMMEDIATELY CEASE all use of Plaintiff's photograph.

In addition, the court awards Plaintiff a default judgment in the amount of $12,264.50, consisting of $2,000 in statutory damages pursuant to the Copyright Act; $5,500 in statutory damages pursuant to the DMCA; $3,905 in attorney's fees;

and $859.50 in costs.  Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961 until the judgment is paid in full.  The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.  Plaintiff is directed to serve a copy of this memorandum and order and the judgment on Defendant and note service on the docket.

**SO ORDERED.**

Dated:      September 27, 2022
            Brooklyn, New York

                                   /s/ Kiyo A. Matsumoto
                                   KIYO A. MATSUMOTO
                                   United States District Judge
                                   Eastern District of New York

24